IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,221-01






EX PARTE ERIC GARCIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 09-CR-0340-E IN THE 148TH DISTRICT COURT


FROM NUECES COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to thirty years' imprisonment. The Thirteenth Court of Appeals affirmed his
conviction. Garcia v. State, No. 13-09-00555-CR (Tex. App.-Corpus Christi-Edinburg April 14,
2011, no pet.). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
waited twenty-six days after the court of appeals issued its opinion before informing Applicant of
the decision. Applicant also contends that counsel did not advise him of his right to file a petition
for discretionary review and the availability of other appellate remedies. 

 The trial court recommended that we deny relief, finding that the State's answer was correct
and that counsel did inform Applicant of his right to file a pro se petition for discretionary review.
We decline to adopt the trial court's findings of fact and conclusions of law. In its answer, the State
quoted from a letter counsel sent to Applicant after his conviction had been affirmed and responded
that counsel advised Applicant of his "right to pursue a petition for discretionary review (PDR) pro
se" and the "availability of further review." The State's answer, however, is not entirely supported
by the record. (1) In her letter to Applicant, counsel wrote:

 The Court of Appeals AFFIRMED the Judgment of the Trail Court [sic]. I regret to
inform you that we did not win your appeal. You are entitled to file a Pro Se brief on
your behalf. I have requested that you have 30 days to do so. If you need additional
time to file your brief you may request an extension of time to do so with the Court
of Appeals. The Court may or may not grant your request. I have enclosed a copy of
the record for your review in preparing your brief. You are not entitled to appointed
counsel to file your brief to the Court of Appeals. Further, you may file an 11.07 Writ
of Habeas Corpus on your own behalf and as well, you are not entitled to an attorney
to be appointed to represent you.


We are persuaded that counsel's letter, under any reading, did not advise Applicant of his right to
file a pro se petition for discretionary review, and appellate counsel has a duty to advise her
client that his conviction has been affirmed and that he has a right not just to the "availability of
further review" but to pro se discretionary review before this Court. Ex parte Wilson, 956 S.W.2d
25, 27 (Tex. Crim. App. 1997). 

 Although counsel did not comply with Wilson, we conclude that Applicant is not credible and
not entitled to relief. On May 10, 2011, Applicant filed in this Court a pro se motion for an extension
to file a petition for discretionary review. We granted his motion and extended the deadline to July
15, 2011. Applicant has not demonstrated that "absent counsel's conduct" he would have filed a
timely petition for discretionary review. See Ex parte Crow, 180 S.W.3d 135, 138 (Tex. Crim. App.
2005). Accordingly, relief is denied. 


Filed: March 7, 2012

Do not publish

1. We remind all counsel of the importance of being scrupulously accurate in making
factual assertions and ensuring that all factual characterizations are fully supported by the record.
Tex. Disciplinary R. Prof. Conduct 3.03.